**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1936-17T1

STEWART TITLE GUARANTY
COMPANY,

     Plaintiff-Appellant,

v.

ALL-PRO TITLE GROUP, LLC,

     Defendant-Respondent,

and

ALL-PRO TITLE GROUP, LLC,

     Third-Party Plaintiff,

v.

ACTION TITLE RESEARCH,

     Third-Party Defendant.

_____

Argued November 13, 2018 – Decided November 29, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2517-15.

Brian M. English argued the cause for appellant (Tompkins, McGuire, Wachenfeld, & Barry, LLP, attorneys; Andrew P. Zacharda and Brian M. English, of counsel and on the briefs).

John P. Campbell argued the cause for respondent (Schenck, Price, Smith & King, LLP, atttorneys; John P. Campbell, on the brief).

PER CURIAM

In this malpractice case involving generally accepted standards of title agents, plaintiff Stewart Title Guaranty Company (Stewart) appeals from a November 9, 2017 order granting summary judgment to defendant All-Pro Title Group, LLC (All-Pro), and a December 14, 2017 order denying reconsideration. The primary focus of this appeal – like the reconsideration motion – pertains to the judge's denial of a brief extension of discovery to give Stewart an opportunity to serve an expert report once it learned that its original expert developed a conflict after All-Pro filed a third-party complaint. We reverse.

Stewart filed its complaint against All-Pro alleging that All-Pro "deviated from commonly accepted practices of a title agent," and that "[a] reasonably prudent title agent would not have failed to disclose the [p]rior [m]ortgage in its [c]ommitment, and would not have permitted the Provident Mortgage to close

2

without satisfying the [p]rior [m]ortgage." All-Pro filed its answer to the complaint, and filed a third-party complaint against Action Title Research (ATR) alleging that ATR negligently performed a search upon which All-Pro relied to issue the title commitment. Stewart served an affidavit of merit (AOM), authored by John A. Cannito, Esq., and All-Pro consented to its adequacy.

After mediation failed, the parties engaged in discovery. The parties failed to produce discovery by an original discovery end date (DED) of April 21, 2016, so they consented to a sixty-day extension until June 20, 2017. On that date, All-Pro produced its written discovery and filed a motion to dismiss the complaint because Stewart had not yet fully responded to All-Pro's discovery demands. On July 21, 2017, the judge denied All-Pro's motion and entered an order extending the DED to September 30, 2017. Although there was no scheduled trial or arbitration date, the judge indicated in the order that there would be no further DED extensions without a showing of exceptional circumstances, rather than for good cause.[1]

---

[1] The order violated Rule 4:24-1(c) because it did not "describe the discovery to be completed [and] set forth proposed dates for completion." Instead, the order invited counsel to request a case management conference.

3

All-Pro moved for summary judgment arguing that Stewart failed to produce an expert report. The motion was originally returnable on November 10, 2017, but the judge moved that date to November 3, 2017.[2] The judge then notified the parties that Stewart should file its opposition to All-Pro's motion by November 1, 2017, and that the new return date would be November 9, 2017. Stewart filed its opposition timely – arguing an expert was unnecessary – but alternatively asked for a short discovery extension to serve an expert report (there was no scheduled trial or arbitration date). The judge denied that request and, without an expert report from Stewart, granted summary judgment to All-Pro.

On November 29, 2017, Stewart served an expert report on All-Pro and, on the same day, filed a motion for reconsideration. The expert opined that All-Pro negligently searched the mortgage records and issued the title insurance policy without disclosing the prior mortgage. The motion focused on the judge's previous refusal to extend discovery, rather than the judge's conclusion that an expert was required.[3] Stewart's counsel indicated that he did not serve the expert

_____

[2] This was before any trial or arbitration date had been scheduled.

[3] To the extent that Stewart argues an expert was unnecessary, we conclude that such an argument is without sufficient merit to warrant attention in a written decision. R. 2:11-3(e)(1)(E).

report sooner because he had learned from Mr. Cannito that All-Pro's third-party complaint against ATR conflicted him out of the case. He also candidly explained to the judge that he inadvertently did not diary the September 30, 2017 DED.

In his certification in support of Stewart's reconsideration motion, counsel emphasized that the judge erred by denying his request for a short extension of discovery. Counsel argued that at the time he had made his written request to extend discovery (November 1, 2017), the standard for granting an extension of discovery was good cause, not exceptional circumstances, because there was no scheduled trial or arbitration date. Nevertheless, All-Pro maintained primarily (rather than arguing substantive prejudice) that the July 21, 2017 order imposed the higher exceptional circumstances standard, which it argued Stewart did not satisfy.

The judge did not conduct oral argument. Instead, he denied Stewart's motion for reconsideration and attached a statement of reasons to the order. The judge acknowledged that Stewart had requested a discovery extension, as part of its opposition to All-Pro's summary judgment motion, but the judge found that Stewart did so without "adequately address[ing] and argu[ing] the issue." As a result, the judge precluded Stewart from doing so on reconsideration. The

judge declined to adjudicate whether Stewart had shown good cause or exceptional circumstances for the short adjournment, whether the service of Stewart's expert report had prejudiced All-Pro, or whether there were less severe sanctions for the late service of the report – other than granting summary judgment to All-Pro and dismissing Stewart's complaint with prejudice. The statement of reasons also did not mention that by the filing date of the reconsideration motion, Stewart had served the report.

On appeal, Stewart argues that the judge abused his discretion by denying reconsideration. Stewart reiterates that it served the expert report late because counsel learned about Mr. Cannito's conflict and counsel's failure to diary the September 30, 2017 DED. Stewart contends that these reasons established good cause and exceptional circumstances for a short extension of discovery. It emphasizes that there is no prejudice, courts employ a strong preference for adjudication on the merits, and that less severe sanctions are available other than granting summary judgment to All-Pro and dismissing the complaint with prejudice.

A motion for reconsideration is committed to the sound discretion of the court, which should be "exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J.

6

Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate only when a court has rendered a decision "based upon a palpably incorrect or irrational basis," or failed to consider or "appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401). We review the denial of a motion for reconsideration to determine whether the judge abused his discretionary authority. Id. at 389. We "may only disturb the decision below if [we] find[] error which is 'clearly capable of producing an unjust result.'" Casino Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (quoting R. 2:10-2).

Contrary to the statement of reasons, Stewart argued – alternatively in opposition to All-Pro's summary judgment motion – that the court should have granted a short extension of discovery to allow for service of an expert report. Stewart's counsel raised the subject in writing (before any trial or arbitration date had been set) and at oral argument on the return date of the summary judgment motion. Counsel told the judge that Mr. Cannito was no longer available due to the conflict, and that he could serve an expert report from a different individual within a week. Counsel explained that the DED had expired but the conflict made it impossible to use Mr. Cannito. All-Pro's counsel objected based on the July 21, 2017 order, and contended that it would be

7

prejudiced by going "through [the] entire summary judgment process [again]." Stewart's counsel responded by saying that such prejudice was outweighed by the ultimate sanction of a dismissal of the complaint with prejudice. At oral argument on the summary judgment motion, the judge reviewed some of the discovery extensions and concluded that Stewart should have served an expert report "a long, long time ago." Although he did not say whether he denied the discovery extension using a good cause or exceptional circumstances standard, the judge refused to give Stewart's counsel one more week to serve an expert report.

A judge's discretion on reconsideration should be "exercised in the interest of justice." That is especially important here because Stewart had served the expert report at the time it filed its reconsideration motion. Although the judge refused on reconsideration to adjudicate whether he erred by denying an extension of discovery – solely because he felt Stewart did not previously thoroughly argue the issue – the summary judgment transcript arguably shows otherwise. At oral argument on the summary judgment motion, counsel and the judge dealt with Mr. Cannito's conflict, All-Pro's purported prejudice, and the previous DED extensions, including the July 21, 2017 order in which the judge had imposed the higher exceptional circumstances standard for further

A-1936-17T1

extensions. We conclude that the judge's refusal to hear Stewart's arguments on reconsideration, and consider the motion on the merits, constituted an abuse of discretion, especially because the judge did not exercise his discretion "in the interest of justice."

The judge was obligated to apply the "good cause" standard at the time Stewart had requested, in writing, an extension of discovery. In Tynes ex rel. Harris v. St. Peter's University Medical Center, 408 N.J. Super. 159, 168 (App. Div. 2009), we held that under Rule 4:24-1(c) "[t]he 'good cause' standard applies [like here] to motions to extend discovery unless an arbitration or trial date is fixed." We noted that "good cause" is a "flexible term" without a fixed or definite meaning, id. at 169, and set forth the following factors to consider when evaluating whether good cause exists:

> (1) the movant's reasons for the requested extension of discovery;
>
> (2) the movant's diligence in earlier pursuing discovery;
>
> (3) the type and nature of the case, including any unique factual issues which may give rise to discovery problems;
>
> (4) any prejudice which would inure to the individual movant if an extension is denied;
>
> (5) whether granting the application would be consistent with the goals and aims of "Best Practices";

(6) the age of the case and whether an arbitration date or trial date has been established;

(7) the type and extent of discovery that remains to be completed;

(8) any prejudice which may inure to the non-moving party if an extension is granted; and

(9) what motions have been heard and decided by the court to date.

[Id. at 169-70 (quoting Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87-88 (App. Div. 2007)).]

See also Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 479-81 (App. Div. 2012) (applying the "good cause" standard).

Stewart satisfied the good cause standard. It requested a brief extension because of the conflict. It exhibited diligence by serving the AOM at the outset of the case. It acknowledged an expert was necessary by focusing solely on discovery in its reconsideration motion. All-Pro's prejudice (as counsel explained at oral argument on its summary judgment motion) was limited to the expense of renewing the dispositive motion. And Stewart would suffer prejudice by a judge granting summary judgment without an adjudication on the merits. There existed less severe sanctions other than granting summary judgment to All-Pro and dismissing the complaint with prejudice, which All-Pro can pursue on remand.

A-1936-17T1

At oral argument before us, All-Pro's counsel argued that the clerk's office had issued a trial notice (which would have been the first trial date) in the early hours of November 9, 2017. The consequence of that issuance is that the exceptional circumstances standard for further extensions arguably applied as of the return date on All-Pro's summary judgment motion. Even if that were the case, we conclude that Stewart met that standard too, and that precluding Stewart from arguing on reconsideration – even using the exceptional circumstances standard – constituted an abuse of discretion. We reach that conclusion especially emphasizing that a judge's discretion on reconsideration should be "exercised in the interest of justice." And here, justice cried out for the extension. As Stewart's counsel stated to us, the judge could easily have addressed any potential monetary prejudice to All-Pro (that is, the only prejudice mentioned by All-Pro's counsel on the summary judgment return date) by awarding fees to All-Pro.

"[E]xceptional circumstances generally denote something unusual or remarkable." Bldg. Materials Corp., 424 N.J. Super. at 479. The moving party must demonstrate counsel's diligence in pursuing discovery, establish the essential nature of the discovery sought, explain counsel's failure to request an extension within the original time period, and show that the circumstances

presented were clearly beyond counsel's control. <u>Rivers v. LSC P'ship</u>, 378 N.J. Super. 68, 79 (App. Div. 2005). "[W]here the 'delay rests squarely on plaintiff's counsel's failure to retain an expert and pursue discovery in a timely manner,' and the [above] factors are not present, there are no exceptional circumstances to warrant an extension." <u>Ibid.</u> (quoting <u>Huszar v. Greate Bay Hotel & Casino</u>, 375 N.J. Super. 463, 474 (App. Div. 2005)).

Here, Stewart's counsel acted diligently by serving the AOM early on, without objection. Both parties pursued discovery, although All-Pro served its discovery responses on the last day of the extended DED, and simultaneously moved to dismiss the complaint for failure to produce discovery. Stewart's counsel established the essential nature for the service of an expert report, and showed that Mr. Cannito's conflict was clearly beyond counsel's control. Under the totality of these circumstances, and in the interests of justice, we conclude the short adjournment was warranted.

Reversed and remanded for further proceedings. We leave to the discretion of the judge the details of managing the balance of expert discovery, the re-scheduling dispositive motions if warranted, and the scheduling of a trial date. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1936-17T1